Filed 6/9/16  P. v. Bakos CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C079729 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14203) |
| v. | |
| CHELSEA RAE BAKOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Chelsea Rae Bakos has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

Over the course of approximately six months, defendant and two codefendants committed various acts of credit card fraud. They would present a credit card to a store clerk that could not be swiped by a card reader and the clerk would enter the information manually. They used the cards at various fast food restaurants and local businesses. The charges totaled almost $3,500. When law enforcement contacted defendant, she admitted her involvement in the scheme and named another coconspirator. A search of defendant's car revealed several counterfeit cards and identification for multiple individuals.

Defendant pleaded no contest to theft and fraudulent use of access cards or account information (Pen. Code, § 484g, subd. (a))[1] in exchange for dismissal of six remaining charges, no immediate state prison, and three years' probation, including up to 365 days in county jail. The trial court granted defendant three years' probation, including 240 days in county jail, and awarded her nine days of presentence custody credit. The trial court also imposed various other terms and conditions of probation. The trial court ordered defendant to pay $1,349.41 in direct victim restitution, a $300 restitution fine (§ 1202.4), a $300 probation revocation fine stayed upon successful completion of probation (§ 1202.44), $40 a month for probation supervision (§1203.lb), $370 for the presentence report (§ 1203.1b), a $40 court security fee (§ 1465.8), a $10 citation fee (§ 1463.07), a $30 conviction assessment (Gov. Code, § 70373), and a $43.50 booking fee (Gov. Code, § 29550.2).

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

---

[1] Undesignated statutory references are to the Penal Code.

determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

 

 

 

 

                                                                       /s/
                                                       Blease, Acting P. J.

We concur:

 

 

/s/
Butz, J.

 

 

/s/
Renner, J.